IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROLAND JAMERSON                                                                          PLAINTIFF

        v.                              Civil No. 1:10-cv-01016

SHERIFF DENNY FOSTER;
CAPTAIN TRUMAN YOUNG;
LT. JANET DELANEY; and
JAILER BARRY BRADLEY                                               DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Roland Ramone Jamerson (hereinafter Jamerson), currently a detainee at the Columbia County Detention Center, filed this civil rights action under the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is currently before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**Background**

According to the allegations of the complaint, on December 17, 2009, Jailer Barry Bradley made a racial remark to inmates in cell block 4. Specifically, Bradley is alleged to have said: "All Black —---- F------ Should Hang." At some other point, Bradley is alleged to have said the following

to Robert Dowling, the only Caucasian inmate in the cell block: "H---, you are the only white boy in here, they, should whip you're a--."

A few days later, Jamerson states he and the other detainees were sent out in the 32 degree weather while an illegal search was done on their property. Finally, Jamerson alleges African Americans are subjected to longer sentences than Caucasian individuals.

As relief, Jamerson asks that everyone "involved with any racial hatred be fired." Jamerson also requests a monetary award in the amount of ten million dollars for all physical and mental damage done.

## Discussion

This case is subject to dismissal. First, "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986)(A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

Second, Jamerson's claims with respect to the conditions under which he was confined at the Columbia County Detention Center fall far short of those necessary to establish a violation of the Eighth Amendment. "A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004)(*citing Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006)(adopting the Eighth Amendment's deliberate indifference standard as the "appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care and reasonable safety."). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels*, 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

In this case, Jamerson's claim is premised on a single occasion when he indicates the inmates were left out in 32 degree weather while their belongings were searched. He does not indicate he was without clothing or that he became ill as a result of the exposure to the cold. His claims fall far short of those necessary to state a claim under the Eighth Amendment.

Finally, no claim based on alleged disparity in the sentencing of African Americans may be

stated against the named Defendants. The power to sentence lies with the Court. *See e.g.,* Ark. Code Ann. § 5-4-103 (2007)(Court, jury, fixing punishment).

## Conclusion

For the reasons stated, I recommend the case be dismissed prior to service of process because the claims asserted are frivolous and/or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b). The dismissal of this action will constitute a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**Jamerson has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Jamerson is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of April 2010.

    /s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE